NATHAN CARR AND OTHERS, APPELLANTS, *vs.* JOSEPH HOXIE, APPELLEE.

An original decree was made in the Circuit Court of Rhode Island, at June term, 1834, and an appeal was taken to January term, 1835, of the Supreme Court. This appeal was dismissed at January term, 1837, on the motion of the counsel for the appellees; without an examination or decision on the merits of the cause. At the November term of the Circuit Court, the defendants prayed and were allowed a second appeal to the Supreme Court; which appeal had not been yet entered on the docket of the Supreme Court. The Circuit Court afterwards proceeded to order execution of the decree of 1834, and the defendant appealed to the Supreme Court from this decree. Held, that this appeal from the decree of the Circuit Court ordering the execution of the original decree, is not a supersedeas to further proceedings in the Circuit Court, to execute the original decree; and that the Circuit Court is at liberty to use its discretion to proceed to execute the original decree. Held, also, that the decree of execution is not a final decree in the contemplation of the act of Congress, from which an appeal lies.

ON appeal from the Circuit Court of the United States for the district of Rhode Island.

In the Circuit Court for the district of Rhode Island, at June term, 1834, in the case of Joseph Hoxie against Nathan Carr and others, a decree was rendered for the complainant, on a bill of equity filed in that Court. From this decree the defendants appealed to the Supreme Court of the United States to January term, 1835. At January term, 1837, on motion of Mr. Green, of counsel for the appellees, the appeal was dismissed; and a certificate thereof having been sent to the Circuit Court, that Court proceeded, at November term, 1837, to order and decree the execution and decree made at the June term, 1836. The Court decreed a sale of the property according to its decree of 1836; and that the proceeds thereof should be brought into the registry, to be paid and applied as ordered in and by the original decree.

From this decree the defendants prayed for an appeal to the Supreme Court, which was allowed. The record brought up on this appeal contained no part of the proceedings on the original bill, in which there was a decree in 1834. It presented nothing but the proceedings of the Circuit Court of Rhode Island, in November, 1837, and the decree of the Supreme Court of the United States dismissing the appeal, and the decree of the Circuit Court in the original suit, at June term, 1834, with the decree of the Court on the 5th day of November, 1837, ordering the execution of the same.

The proceedings in the original bill were not again brought up to the Supreme Court, by a second appeal in that case.

The case was argued by Mr. Tillinghast, for the appellants; and by Coxe for the appellee.

Mr. Tillinghast stated that the only question now before the Court was whether this appeal could be sustained.

The appeal in the original case was dismissed on the motion of

the counsel for the appellee, at the January term, 1837. This was done in the absence of the counsel for the appellants, and there was no decision of this Court on the merits of the cause. It was a dismissal for want of the prosecution of the appeal. Five years have not yet elapsed since the decision of the Circuit Court in the original bill; and the act of Congress, 1 Story's Laws U. S., 59, gives five years for an appeal.

It is claimed that if an appeal is dismissed for any other cause than a decision on the merits, it is not a final dismissal; another appeal may be prosecuted. The case stands as if no appeal had been taken. The right to appeal is not lost by the action of the Circuit Court in allowing the first appeal. Has it been lost by the action of this Court in dismissing the first appeal, unquestionably according to the rules of this Court; but with no decision on the merits of the controversy in the cause. The parties have a right to the judgment of this Court on the merits; and the act of Congress gives them five years, in which they may claim that judgment on an appeal. If on the first appeal, from accident, or from any other cause, no such decision was obtained; they have sustained the penalty which is imposed for the failure to prosecute their appeal, by the payment of the costs. This is the whole penalty; and to go beyond it is to defeat the purpose and object of the provision of the law relative to appeals.

Coxe, for the appellees, contended :

1. That it is not a case in which the party can appeal.

2. That in this last decree there is no error.

3. That the former proceedings are not, and cannot be now reviewed.

There are no authorities on the question whether a second appeal can be taken after a dismission in the first appeal, unless it be the case of the lessor of Wright *vs.* De Klyne. 1 Peters' C. C. R., 199. In that case it was decided, that the dismission of a bill in chancery is not conclusive against the complainant in a Court of law. In Duval *vs.* Stump's executors, in this Court, the appeal was dismissed, the appeal not having been taken by all the parties. The proceedings were afterwards amended, and the case was brought up and decided.

In the case before the Court the appeal from the Circuit Court was regularly taken, and a judgment of dismission was entered. This was a final determination of the case.

To allow a second appeal would be to allow a party to profit by his own negligence. To the appellees this is doing great injustice ; and keeps undecided questions which ought to have been settled on the first appeal. A fair construction of the act of Congress is to allow a party five years in which he may prosecute an appeal; and having used that privilege, the permission given by the law has been fully used, and is at an end. There is no provision for a second appeal.

[Carr et al. *vs.* Hoxie.]

In the case before the Court, the appeal has been entered on the order of the Circuit Court for proceedings on the original decree. It is alleged that a second appeal has been taken in the original case, but this has not been prosecuted. The proceedings in that case have not been brought up. There are then two appeals in this same controversy. This cannot be allowed.

Mr. Justice STORY delivered the opinion of the Court.

This is an appeal from a decree in equity of the Circuit Court for the district of Rhode Island, made in a case where the appellant was the original defendant. The facts, so far as they are now before us upon the present record and appeal, are briefly these :—The original decree was made at the June term of the Circuit Court, 1834; and at the same term, an appeal was taken therefrom to the Supreme Court. The appeal was entered at January term, 1835, of the Supreme Court, and was dismissed for want of due prosecution, at January term, 1837. At the November term of the Circuit Court, 1837, a petition was filed by the original appellant, praying for a new and second appeal from the original decree ; which was granted by the Court, upon bonds being given according to law. At the same term, the original plaintiff prayed for further proceedings to enforce the original decree, whereupon a supplemental decree was passed by the Court for a sale of the premises in controversy, pursuant to the original decree : and from this last decree the original appellant also claimed an appeal, which was granted by the Court upon his giving bonds : and the case now comes before us solely upon this last appeal; the record and proceedings in the original suit not having as yet been brought up and filed in the Court, in pursuance of the second appeal from the original decree already referred to. The question, therefore, whether this second appeal lies to this Court, after the dismissal of the former appeal, is not now before us ; and can only arise when the original proceedings shall come before us, upon a due prosecution and entry of the second appeal. The only question now before us is, whether this second appeal is, under the circumstances, a supersedeas to all further proceedings in the Circuit Court to execute the original decree. If it is, then the appeal from the supplemental decree of sale is maintainable ; otherwise, it ought to be dismissed. Upon full consideration, we are of opinion that it is no supersedeas :- that the Circuit Court is at full liberty, in its discretion, to proceed to execute the original decree, if it shall deem it advisable: and that the supplemental decree of sale is but a decree in execution of the original decree ; and not a final decree in the contemplation of the acts of Congress, from which an appeal like that now before us lies. It must, therefore, be dismissed with costs. But, in order to guard against any misapprehension, it is proper to add, that this dismissal is in no sense to be construed to prevent the original proceedings and decree from being brought before this Court upon the second appeal taken thereto in the Circuit Court, for full consideration, whether it lies or not.

[Carr et al. *vs.* Hoxie.]

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the district of Rhode Island, and was argued by counsel. On consideration whereof, it is the opinion of this Court, that the supplemental decree of sale, in execution of the original decree, in this case, is but an execution of the original decree, and not a final decree from which an appeal lies to this Court. Whereupon it is ordered, adjudged, and decreed by this Court, that this appeal be, and the same is hereby, dismissed with costs; and that this cause be, and the same is hereby, remanded to the said Circuit Court, with directions that the said Court may, in its discretion, proceed to execute the original decree, if it shall deem it adviseable.