THOMAS McCARGO, PLAINTIFF IN ERROR, *v.* JOHN L. CHAPMAN.

An order of the Circuit Court to quash an execution, is not such a judgment as can be reviewed in this court by a writ of error.

THIS case was brought up, by writ of error, from the Circuit Court of the United States for the southern district of Mississippi.

The facts of the case are set forth in the opinion of the court.

It was argued by *Mr. Bradley* for the plaintiff in error, and by *Mr. Badger* for the defendant, upon which side there was also a brief by *Mr. Badger* and *Mr. Carlisle.*

Mr. Justice McLEAN delivered the opinion of the court.

This case is brought before us by a writ of error to the Circuit Court for the southern district of Mississippi.

On the 14th of May, 1855, the defendant moved to quash an execution issued in the above case, on two grounds: first, because the same issued more than seven years after a prior execution; second, because the same issued more than seven years after the return of the last preceding execution, in said cause.

On this motion the defendant read to the court the record of the judgment in the Circuit Court, which was entered for the sum of twenty-one hundred and nine dollars, and costs; on which an execution was issued the 15th of June, 1843, and was returned, no property found; and afterwards, an *alias fi. fa.* was issued, the 20th of April, 1855, which was levied on lots 3 and 6, section 35, township 14, range 6 west, as the property of the defendant, which was not sold for want of time.

It appeared that no other execution ever issued upon the above judgment, and the court sustained the motion and quashed the execution, to which an exception was taken. This writ of error is intended to bring before us the question, whether the motion to quash the execution was properly sustained. A preliminary question, however, arises, whether a writ of error can be maintained, on the decision of the above motion.

The judiciary act of 1789 authorizes this court to revise final judgments by a writ of error. And this court say, in Toland *v.* Sprague, 12 Curtis, 734, that a decision of the court upon a rule or motion is not of that character. And in Boyle *v.* Zacharie, 10 Curtis, the court say: "In modern times, courts of law exercise a summary jurisdiction, upon motion, over executions, and quash them, without putting a party to his writ of *audita querela*; but these motions are addressed to the sound discretion of the court, and their refusal is not a ground for a writ of error." In Mountz *v.* Hodgson, 2 Curtis, 124, it is said: "A refusal of the court below to quash the execution on motion, is, by some of the judges, supposed not to be a judgment to which a writ of error will lie. Others are of opinion that a writ of error will lie to that decision of the court; but that the writ of error is not to the judgment of the Circuit Court, but to that of the justices." In the case of Early *v.* Rogers et al., 16 How., 599, it is said: "Whether a court will quash an execution on account of proceedings against the debtor, as the garnishee of the creditor, is a question appealing to the discretion of the court below, and a court of error cannot revise its decision thereon."

In Brooks *v.* Hunt, 17 John., 484, a motion was made to the Supreme Court of New York to set aside a *fieri facias*, on the

ground that the party was discharged under the insolvent laws of the State. The court refused the motion; and, on error brought, the court of errors of New York quashed the writ of error. Mr. Chancellor Kent, on behalf of the court, assigned as one of the grounds of quashing the writ of error, that the rule or order denying the motion was not a judgment within the meaning of the Constitution or laws of New York.

And yet it is said in Co. Litt., 288, b, that a writ of error lieth when a man is grieved by an error in the foundation, proceeding, judgment, or execution in a suit. But it is added in the same authority, "without a judgment, or an award in the nature of a judgment, no writ of error doth lie." And the court say, in the case of Boyle *v.* Zacharie, "If, therefore, there is an erroneous award of execution, not warranted by the judgment, or erroneous proceedings under the execution, a writ of error will lie to redress the grievance."

Whatever discrepancies may be found in decisions on this subject, we think a writ of error will not lie on any judgment, under the act of 1789, which is not final, in whatever form it shall be given. This may be illustrated by the case before us. In this case, the Circuit Court quashed the execution; and, by a writ of error, we are called on to revise that decision. What will be the effect of an affirmance? May not the Circuit Court issue another execution on the same judgment? In short, is the action of the Circuit Court final as to anything except the particular motion before it? May it not be followed by another motion of the same import? If the writ of error may be allowed to one party, it cannot be denied to the other. And to what motions shall it be limited?

It has uniformly been held that error will not lie, without a statutory provision, on a motion for a new trial, to amend the pleadings, or any other motion which depends upon the discretion of the court.

If, in the language of this court in Boyle *v.* Zacharie, an execution should be issued not authorized by the judgment, the court, on motion, would set it aside or quash it; and should it refuse to do so, a mandamus would seem to be the proper remedy. It is a writ which may be issued to inferior courts and magistrates, to require them to execute that justice which the party is entitled to, and which, by law, they are enjoined to do, and where there is no other remedy.

This writ of error is dismissed, for want of jurisdiction.