## McCutcheon, to use of Gregg, *versus* Allen.

1. Courts have no power to strike off a judgment regular on its face, nor compel it to be satisfied when the facts are controverted. The proper course is to award an issue.

2. Where a judgment has been regularly entered the amount thereof cannot be reduced by the court without the plaintiff's consent. Its validity should be passed upon by a jury.

3. Where an appeal does not lie.

November 16th 1880. Before MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. SHARSWOOD, C. J., absent.

Certiorari to the Court of Common Pleas of *Butler county:* Of October and November Term, 1879, No. 325.

Scire facias sur mortgage issued by Charles L. McCutcheon, for the use of David Gregg, against Robert Allen.

In the court below, Allen presented a petition which, in substance, set forth that after execution issued on March 3d 1879, Robert Allen presented a petition to court saying that on or about January 24th 1876, he had procured from David Gregg a loan of $18,380, and had given a mortgage and bond on his property in

[*McCutcheon v. Allen.*]

Butler county for $22,000; that the mortgage and bond were executed to Charles L. McCutcheon, but was a transaction with David Gregg; that McCutcheon assigned the mortgage to David Gregg; that the interest was payable semi-annually; that on the 1st of August 1876, he paid $500 on interest account; that on the 28th of May 1877, he paid Robert Robb, Gregg's attorney, $1000, and executed and delivered to Mr. Robb his note for $1000 (afterwards appeared to be note for $1500), due in four months as payment on the mortgage, which note was still outstanding; that the whole amount of the mortgage, including interest, would be $21,688.40, deducting payments made on the mortgage, money paid and notes given, the balance due David Gregg would be $19,008.67; that on March 2d 1877, a sci. fa. issued on the mortgage; and that he filed an affidavit of defence, alleging usury, and that the interest was all paid; that Robert Robb, attorney of David Gregg, met him, Allen, on May 28th 1877, in Butler, and represented to him that if he would withdraw his affidavit of defence and confess judgment for the principal and interest of said mortgage, he would take a judgment due February 1st 1881, with interest payable semi-annually; that said Robert Robb fraudulently procured his, Allen's, signature to a written confession of judgment in the sum of $24,440, with interest from that date, without any stay of execution, as agreed upon, to the 1st of February 1881, which confession was procured by the above fraudulent and false representations of Robert Robb, attorney for David Gregg; that execution had been issued on the judgment for $24,440; that after the confession of judgment, he, Allen, had executed and delivered to Robert Robb, attorney for David Gregg, his note for $500 and another note for $100. He prays the court to set aside the execution, grant a rule to show cause why said judgment should not be opened and satisfied to the extent of the usury and attorney's commission contained therein, and the payments made and to stay all proceedings to 1st of January 1881.

A rule to show cause was granted as prayed for

David Gregg answering the petition of Allen, in substance said: In January 1876, Charles L. McCutcheon came to his store in Pittsburgh and represented that he held a mortgage on lands of Robert Allen in Butler county for $22,000; that the property was worth $100,000; that the mortgage had four years to run with interest payable semi-annually; that after several interviews with McCutcheon he purchased the mortgage, taking an assignment of the same after McCutcheon furnished a certificate from Robert Allen saying he owed the money and had no defence to it; that he paid McCutcheon for the mortgage $19,360; being the amount of the mortgage less the discounts, and received the bond and mortgage duly assigned: that he had no negotiation whatever with Robert Allen in reference to the mortgage. On the 24th of August 1876,

[McCutcheon *v.* Allen.]

Robert Allen paid him $500 on account of interest, and that is all the money he ever received from him on the mortgage. In March 1877, no interest being paid that was due, he placed the mortgage in the hands of Robert Robb for collection ; specifically denied Allen's statement that he procured a loan from him, Gregg, and had nothing to do with Allen in reference to the purchase of the mortgage paid McCutcheon as aforesaid ; denied that Robert Allen paid him $1000 on the 28th of May 1877, or at any other time or any sum whatever on account of the mortgage at any time save the $500 aforesaid, on the 24th of August 1876 ; denied that Allen ever gave any notes as payment on the mortgage, or that he ever gave any notes to anybody with his knowledge as payment on the mortgage, that he would not be likely to accept an unsecured promissory note, when he already had mortgage security ; that the amount of money due on the mortgage without any usury or discount on the 18th of Febuary 1879, allowing credit of $500 paid was $22,412,57, to which add five per cent, attorney's commission for collection, instead of $19,008.67, when Robert Allen confessed judgment for $24,440 ; that he agreed to the arrangement of Mr. Robb with him, to throw of $1000 on account of discount or usury with the agreement that Allen was to pay the interest promptly semi-annually.

Robert Robb for answer to so much of Robert Allen's petition as refered to him, said : That in March 1877, David Gregg placed in his hands for collection a mortgage on Robert Allen's property for $22,000 ; he brought suit on the mortgage in Butler county, and learning afterwards that Allen had filed an affidavit of defence to the mortgage, he entered judgment on the bond accompanying the mortgage about the latter part of April 1877, and issued a *testatum fi. fa.* to Butler county and levied upon the real estate and advertised it for sheriff's sale. Shortly after this Allen came to Pittsburgh and desired an extension of time ; that he had very large interests in coal and oil leases in Butler county with Thomas A. Scott et al., and if he could get a little time he could convert his leases into money and pay off the entire mortgage. He said the sale of his property would ruin him, and if he could get time he could pay all ; at his urgent request Robb agreed to see Mr. Gregg, and Mr. Gregg agreed to give time, provided his security remained unimpaired ; Robb and Allen met in Butler May 28th 1877, and it was agreed that Allen should withdraw his affidavit of defence and confess judgment for the mortgage and interest then due and attorney's commission of five per cent., and that Mr. Gregg would extend the time of the mortgage for one year or till February 1st 1881, and allow Mr. Allen a credit of $1000 on interest accruing thereafter, or a deduction of that amount on the discount that was on the mortgage, and that Allen should pay the interest falling due on the judgment semi-annually, ac-

15 NORRIS—21

cording to the terms of the mortgage,• all proceedings and execution to be stayed.

A year passed and no interest being paid, Mr. Gregg directed me to proceed to collect the mortgage. Mr. Allen never gave any notes of any amount whatever as payment on the Gregg mortgage; could not accept such a thing, as I had no authority to do so from Mr. Gregg; the notes given were for my own services rendered Robert Allen in perfecting his title to his leases. There was no fraud practised by me on Mr. Allen in his confessing judgment, but on the contrary, it was not done until after a full and fair understanding on his part, and the time was extended on condition that he would pay the interest promptly, which he has failed to do. When employed by Robert Allen to perfect his title to his leases I found them quite complicated, and it required a great deal of labor to put them in a condition that would make them available. The service necessary I rendered and the money paid in Butler, and the notes given were for my services in the employ of Mr. Allen, and had no connection whatever with the Gregg mortgage. The paper given Mr. Allen, which he put in evidence, shows what the contract was. The services I rendered Mr. Allen were professional services and done in the uttermost good faith.

After argument the court made the rule absolute, and reduced the judgment to $19,086.67. Gregg took an appeal from this action of the court, alleging that the court erred, inter alia, in reducing the judgment on an ex parte hearing of the case, and in not referring the disputed facts to a jury.

*J. M. Thompson* and *Newton Black*, for appellant.—The plaintiff presented his petition reciting the facts fully, praying the court to revoke its order of 29th May 1879, reducing the judgment to $19,086.67, and to allow him to defend against the allegations of Allen's petition, and to direct an issue to try all questions in dispute. On this rule testimony was taken—to which the attention of this court is respectfully called—and after due consideration this rule was, on the 18th September 1879, discharged. The only course for plaintiff was to appeal to this court and ask that they examine his case, and if satisfied that he has been injured, to grant him relief, as has been done in analogous cases by this court where the court below granted rules to show cause, and after hearing discharged them. Appeal was taken to this court, and the order of the court below was reversed and procedendo awarded. See Neff *v.* Miller, 8 Barr 348; Roddy's Appeal, 22 P. F. Smith 98, also Steele's Appeal, Id. 101, where " appeal " is recognised as the remedy. ,

*E. R. Eckley* and *Charles McCandless*, for defendant in error.— An appeal will not lie in this case. It can only be reviewed on a writ of error.

[McCutcheon v. Allen.]

Mr. Justice MERCUR delivered the opinion of the court, November 26th 1880.

. The record shows a scire facias issued on a mortgage, service of writ accepted by the defendant, and affidavit of defence filed. Afterwards the affidavit of defence was withdrawn and judgment confessed by the defendant for a sum specified as per writing filed. Thus it is shown to have been a judgment in all respects regular in form.

On petition of the defendant the court afterwards granted a rule to show cause why the judgment should not be opened and satisfied to the extent of a sum specified in petition. An answer was filed denying the averments in the petition. Depositions were taken, and after argument the rule was made absolute and judgment reduced as prayed for. Thus the court in effect ordered satisfaction to be entered for a part of the judgment. The discretion of the court in opening the judgment we will not review. But in ordering satisfaction to be entered of a part of the judgment, when the facts were disputed and there was no agreement to submit to the decision of the court, was error. The court has no power to strike off a judgment regular on its face when the facts are controverted: Breden v. Gilliland, 17 P. F. Smith 34 ; nor to compel it to be satisfied. The proper course is to award an issue: Homer & McCann v. Hower, 3 Wright 126. The plaintiff therein cannot be deprived of his constitutional trial by jury unless he has agreed to waive it. In this case the record does not show any waiver, and it was admitted on the argument there was no such agreement. The evidence is persuasive that the judgment was the result of a compromise of the plaintiff's claim. Against his consent he cannot be deprived of it without its validity being passed upon by a jury. Regularly this should be reviewed on writ of error. We can now change to one, and it is ordered accordingly. An appeal does not lie.

Judgment reversed, and a procedendo ordered.