Sterrett, J.,
The transactions ont of which this contention has arisen are somewhat involved; bnt, by reference to the pleadings, affidavits of claim and defense, and exhibits connected therewith, the main allegations of fact appear to be substantially as follows : In May, 1877, David Gregg recovered a judgment, in an action of scire facias sur mortgage against Robert Allen, for $24,440. The defendant, Allen, alleging he had a valid defense to a considerable portion of the judgment, retained Messrs. McCandless and Eckley as his attorneys to procure an order opening the .judgment and letting him into a defense; and, to that end, he entered into the following agreement with them, viz: “ The one-half of the amount that the mortgage in McCutcheon, for use, v. Robert Allen, and judgment thereon, is reduced, is to be paid to General Eckley and Charles McCandless for their services professionally in said case, and one hundred dollars to each of them.”
A petition, alleging usury, payment on account of the mortgage debt, etc., was presented, and so proceeded in that an order opening the judgment and reducing the same to $19,086.67 was made. On appeal from that order, this court reversed the same, as to the reduction of the judgment, and awarded a procedendo: McCutcheon, to use, etc., v. Allen, 96 Pa. 319. When the case was reached for trial, January 19th, 1881, an agreement was signed by the parties, Gregg and Allen, settling on the following terms, viz: “Judgment to be taken on verdict of jury against defendant for $30,000 and costs, three thousand dollars of which is to be assigned to Charles McCandless, attorney for defendant. This to be in consideration of the waiver of defenses in this case by defendant. The land to be sold at sheriff’s sale at March Term, 1881, or as soon as it can be done, and purchased by said Gregg. Under the above arrangement, David Gregg agrees to sell to the sons and sons-in-law of Robert Allen, etc.” A verdict was accordingly rendered and judgment entered thereon for $30,000 and costs, three thousand of which was assigned to Charles McCandless “pursuant to settlement” above quoted.
After Gregg purchased the mortgaged premises at sheriff’s sale, he sold a portion thereof to plaintiffs in error, sons of Robert Allen, the mortgagor; and, in consideration of Gregg’s selling the same to them at a reduced price, they agreed to “ assume all liability for the three thousand dollars . . . assigned on January 19th, 1881, to Charles McCandless, attorney of Robert Allen, . . . and forever keep said first party (Gregg) from in any way being made liable for the payment of the same.”
A few days thereafter, Robert Allen, claiming that the three thousand had been assigned for his sole use and benefit, transferred the same to his three sons, plaintiffs in error. Charles McCandless, having in the meantime obtained from his colleague, General Eckley, *263 an assignment of his interest in the agreement for fees, brought suit against David Gregg for part of the three thousand dollars assigned to him as aforesaid, and obtained judgment by default for $2,173.86. That judgment was satisfied on January 11th, 1887, and the contract of indemnity given by plaintiffs in error to Gregg was assigned to McCandless, who, on the following day, brought this suit thereon.
On the trial, the agreements, assignments, etc., above referred to, were given in evidence. It was claimed by McCandless, the use plaintiff, that the three thousand had been assigned to him to secure the fees to which he and his colleague were entitled under the agreement above quoted, and, inasmuch as Gregg had been compelled to pay the same, he had recourse against the Allens on their contract of indemnity. On the other hand, it was contended by defendants below that no reduction of the mortgage or judgment thereon against-their father had been secured; that the three thousand dollars did not represent a reduction pro tanto of the mortgage debt; that said sum was assigned to McCandless, not for the benefit of himself, or for the joint benefit of himself and Eckley, either in whole or in part, but for the sole use and benefit of their father, Robert Allen, who, for a good consideration, afterwards assigned the same to them. They accordingly offered, in connection with other evidence, to prove these several matters of fact, all of which are more fully set forth in the offers recited in the 19th to 23d specifications inclusive.
In passing on these specifications, we must assume that plaintiffs in error were prepared to prove the several allegations of fact recited therein, and also that the jury, from the evidence thus before them, might have found the same to he true. If so, those facts, in connection with others that might have been found from the evidence, would have warranted the conclusion that McCandless had no right to sue for and recover in his own right, or to the use of any one else, any part of the three thousand dollars. In rejecting the evidence, the learned judge of the common pleas appears to have assumed that the assignment of that sum to McCandless, as attorney for Robert Allen, was for the purpose of carrying out the original agreement in relation to fees, and that it was not competent for defendants below to prove, either that no reduction of the mortgage was secured, or that the assignment to McCandless had no connection with the agreement for fees, etc. That was a mistaken view of the subject. There is nothing in the papers themselves to warrant any such construction, or conclusion of law; and, hence, the proposed testimony should have been received, so that the jury might have had an opportunity of determining, from all the evidence before them, what the facts were.
In view of the fact that defendants below had agreed to indemnify Gregg against the payment of any'part of the three thousand dollars, they were entitled to notice of the suit brought against him by McCandless in Allegheny County. If they had been notified and had succeeded in proving the several matters of fact con *264 tained in the offers under consideration, including the fact that the three thousand dollars was theirs by virtue of their father’s assignment, it would have been a sufficient answer to plaintiff’s claim in that ease. Not having had an opportunity of making the defense in that case, they have a right to set it up in this suit on their contract of indemnity, as fully as if Gregg were suing in his own right. We think, therefore, that the offers of evidence, embodied in the 19th to 23d specifications of error inclusive, should have been received, and, under proper instructions, submitted to the jury.
It follows also that the learned judge erred in charging, as complained of in the 5th specification, “ that under the evidence and pleadings the plaintiff is entitled to a verdict for $1,250, with interest from January 11th, 1887.”
The 6th specification is also sustained. The burden of proof was on the plaintiff, and, under the evidence that was admitted, it was not for the court to say as matter of law that the attorneys employed by Robert Allen had succeeded in effecting a reduction of the mortgage.
It is unnecessary to refer specially to other specifications involving substantially the same errors that have already been noticed. The construction of the papers given in evidence was undoubtedly for the court, but undue effect was given to them throughout the entire charge.
Judgment reversed and a venire facias de novo awarded.