CARROLL et al. v. DAVIDSON.

(Circuit Court of Appeals, Seventh Circuit. November 9, 1906.)

No. 1,290.

1. ADMIRALTY—VACATION OF DECREE—SUMMARY PROCEEDINGS.

Summary proceedings are not maintainable in admiralty to set aside or satisfy a decree previously entered, where the controversy either arises collaterally between the parties or involves an adjudication between strangers to the original litigation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Admiralty, § 674–678.]

2. SAME—APPEAL—INTERLOCUTORY ORDERS.

An order of a court of admiralty denying a motion to set aside and satisfy a decree previously entered in favor of a libelant against a steamer, its claimant, and a surety on a bond for release of the libel, was merely collateral to the admiralty decree, and not a final decision, which was reviewable on appeal.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

This appeal is from an order of the District Court, in admiralty, which denies a motion on behalf of the appellants, "to set aside or satisfy" a decree theretofore entered in such court, in favor of James Davidson, as libelant, against the steamer Gordon Campbell and "William F. Carroll, the claimant of the said vessel, as principal, and Jeanie A. Carroll, as surety," under a bond for release of the vessel upon libel thereof. The motion was founded upon notice to the libelant's proctor and an affidavit of William F. Carroll that one John R. Lindgren was sued for the same claim, for which liability was adjudicated in the libel referred to, and judgment therefor was recovered and fully paid. In opposition to the motion the libelant introduced an affidavit of Lindgren, setting up assignment to him of the decree under the libel and these facts and equities: That for advances to the appellants for the purchase by them of the steamer title thereof was at their instance placed in the affiant, by way of securing payment by the appellants of such advances, and for no other purpose and with no other interest; that the suit referred to was brought upon the ground that the legal title was so vested in him; that the appellants undertook the defense of such suit, but judgment was recovered therein against the affiant, and he was compelled to pay and did pay to Davidson the amount of such liability; and that he claims to be subrogated to the rights of Davidson in the libel decree.

William T. Carroll, for appellants.
Samuel M. Fegtly, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

SEAMAN, Circuit Judge, after stating the facts, delivered the opinion of the court.

No meritorious question or substantial right on the part of the appellants is presented, either in the motion below or in this appeal. Upon

what theory of law or fact the motion was made in either phase—to set aside the decree in admiralty or to have satisfaction entered—in the face of the undisputed facts stated in the record below we are at a loss to understand. Conceding that the court sitting in admiralty may entertain a motion for an entry of satisfaction of its decree, upon notice and showing of payment, within the general doctrine of the control of courts over execution of their decrees (vide The Elmira [C. C.] 16 Fed. 133, 135), no rule or authority in admiralty sanctions summary proceedings thereupon to settle controversies which may arise collaterally even between the parties; and surely no such motion can extend to an adjudication against strangers. The citations to that end on the appellants' brief furnish no support for the summary relief sought, under the facts disclosed, even were their rule applicable; but all relate to the practice at law in various states, under statutory provisions, and are not precedents for such motion in admiralty. So, were the order denying the motion reviewable, the ruling upon appeal would be free from difficulty.

The question arises, however, whether such order is appealable, and we are of opinion that it was merely a ruling upon a collateral motion, and in no sense conclusive in respect of the controversy tendered. In the case of The Elmira, 16 Fed. 133, the opinion by Mr. Justice Matthews, sitting in the Circuit Court, aptly states the rule applicable to such proceedings in admiralty after final decree in the cause. There the appeal was to the Circuit Court from an order of the District Court —under the provision then existing in sections 631, 636, Rev. St., for appeals from final decrees in admiralty—denying a motion by one of the parties to quash and satisfy the execution issued under a decree. It was held that the decree terminated the litigation and fixed the rights of the parties; that the process of the court, in execution of the decree, was "under its control, exercising a discretion under the law"; and that denial of such a motion was not an appealable decision, under the authorities which are reviewed in the opinion. Of the authorities there referred to, it is sufficient to cite the leading cases of Boyle v. Zacharie, 6 Pet. 647, 8 L. Ed. 527 (see 3 Notes U. S. Rep. 306) and Pickett v. Legerwood, 7 Pet. 144, 8 L. Ed. 638. Like the denial of leave to intervene in a cause, the order in question is not reviewable (Credits Commutation Co. v. United States, 177 U. S. 311, 315, 20 Sup. Ct. 636, 44 L. Ed. 782), as it decides no ultimate rights of the parties, but relegates them to independent remedies.

This appeal challenges an order which merely denies a motion collateral to the admiralty decree, not determinative of any controversy of law or fact, and not a final decision within the settled rule and policy of all provisions for review under the federal system. McLish v. Roff, 141 U. S. 661, 655, 12 Sup. Ct. 118, 35 L. Ed. 893. So the appeal is dismissed.