## HATZENBUHLER v. TALBOT.

### No. 8036.

Circuit Court of Appeals, Seventh Circuit.

Dec. 8, 1942.

Rehearing Denied Jan. 27, 1943.

---

Isaac E. Ferguson and Morton Lane, both of Chicago, Ill., for appellant.

Thomas H. Slusser, of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

In a slander suit in the District Court the plaintiff-appellee recovered a judgment for one dollar of the defendant-appellant. The judgment was entered March 12, 1942, and was never appealed from. On April 13, 1942 the defendant-appellant filed a motion in the District Court praying the court to assess the costs, and that upon payment by the defendant of the costs and the amount of the judgment, the judgment be satisfied. The court assessed the costs of $25.61, and ordered that the defendant have leave if he so desired to pay the amount of the judgment into the registry of the court for the account of the plaintiff. Upon the defendant paying the amount into court, the court denied the defendant's motion to require the clerk to satisfy the judgment of record. From the court's order denying this motion the defendant appeals.

At the very outset we are confronted with the question of whether this was a final judgment from which appeal lies to this court. We have only such appellate jurisdiction as Congress has granted us. By 28 U.S.C.A. § 225, it is provided that we shall have jurisdiction to review by appeal final decisions of the District Courts of this Circuit. If the order in question is not a final decision, we have no jurisdiction.

The parties have had a trial, and a final judgment in that case has been entered. There was no appeal from that judgment. The appeal is from a ruling on a motion to require the clerk to satisfy of record that judgment.

The Supreme Court has passed upon similar proceedings after judgment, and it has uniformly held that such rulings are not subject to appeal.

In McCargo v. Chapman, 20 How. 555, 61 U.S. 555, 556, 15 L.Ed. 1021, an execution had issued in the Circuit Court of Mississippi. The defendant moved to quash the writ of execution. The court sustained the motion to quash, and the plaintiff appealed. The Supreme Court said:

"This writ of error is intended to bring before us the question, whether the motion to quash the execution was properly sustained. A preliminary question, however, arises, whether a writ of error can be maintained, on the decision of the above motion.

"The judiciary act of 1789 authorizes this court to revise final judgments by a writ of error. And this court say, in Toland v. Sprague, [12 Pet. 300, 9 L.Ed. 1093] 12 Curtis 734, that a decision of the court upon a rule or motion is not of that character. * * *

"Whatever discrepancies may be found in decisions on this subject, we think a writ of error will not lie on any judgment, under the act of 1789, which is not final, in whatever form it shall be given. This may be illustrated by the case before us. In this case, the Circuit Court quashed the execution; and, by a writ of error, we are called on to revise that decision. What will be the effect of an affirmance? May not the Circuit Court issue another execution on the same judgment? In short, is the action of the Circuit Court final as to anything except the particular motion before it? May it not be followed by another motion of the same import? If the writ of error may be allowed to one party, it cannot be denied to the other. And to what motions shall it be limited?"

To the same effect see Loeber v. Schroeder, 149 U.S. 580, 584, 13 S.Ct. 934, 37 L.Ed. 856; Carr v. Hoxie, 13 Pet. 460, 10 L.Ed. 247.

The action of the court on the motion in the case at bar is not the final determination of the rights of the parties to have this judgment satisfied. The motion might be renewed at any time. In the instant case, nothing was settled except the particular motion then before the court.

It seems clear that the order appealed from was not a final decision within the meaning of 28 U.S.C.A. § 225. The appeal is dismissed for want of jurisdiction.

194

EVANS, Circuit Judge (dissenting).

In my opinion, the order, which is here assailed, is a final order, and therefore appealable.[1]

I also am of the opinion that a debtor against whom a creditor has obtained a money judgment has an absolute right to a satisfaction of that judgment upon his paying the amount thereof and interest. The court should have ordered the clerk to satisfy the judgment.

The effect of a satisfaction on a pending suit in another jurisdiction, growing out of the same tort, is not a matter of consideration when dealing with a debtor's right to satisfaction of a money judgment against him by his payment of the amount of said judgment.[2]

I think the judgment of the lower court should be reversed.

---

[1] Lillie v. Dennert, 6 Cir., 232 F. 104; McCutcheon v. Allen, 96 Pa. 319, 323; Herrick v. Wallace, 114 Or. 520, 236 P. 471; Cooley v. Gregory, 16 Wis. 303.

[2] It is not intended to assume or concede that the payment of the judgment, or its satisfaction, would bar plaintiff's right to pursue the other tort feasor.