JOSEPH S. NAAME COMPANY, a corporation, &c.,
complainant-appellant,

*v.*

LOUIS SATANOV REAL ESTATE AND MORTGAGE CORPORATION,
a corporation, &c., defendant-respondent.

[Decided October 14th, 1929.]

*Messrs. Cole & Cole* and *Mr. Paul M. Salsburg,* for the appellant.

*Messrs. Bourgeois & Coulomb,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill of complaint in this case was filed by the Joseph S. Naame Company, the present appellant, to compel the specific performance of an alleged oral agreement made between the complainant and the defendant by the terms of which the latter agreed to release a considerable portion of a tract of land described in a mortgage made by the complainant to the defendant. The defendant denied the making of any such agreement, and as a further defense set up that even

if it had been made it was invalid under the statute of frauds. The hearing of the cause resulted in a decree dismissing the bill of complaint and the present appeal is taken from that decree.

The situation disclosed by the proofs is as follows: In 1926 the defendant corporation entered into a written agreement with the plaintiff, duly executed by each of the parties thereto, by the terms of which the Sanatov corporation contracted to convey a parcel of land owned by it in Atlantic City to the complainant corporation for the sum of $185,000. This agreement provided, among other things, that the purchaser should, within sixty days after acquiring title, commence the erection upon the lot of a five-story apartment house to contain at least one hundred one and two-room apartments, and also a two-story garage, the payment of the purchase-money to be made by the giving of a bond for the full amount thereof, to be secured by a mortgage upon the tract conveyed. This agreement was duly executed by the making of the conveyance by the intending vendor to the purchaser and the delivery of the purchase-money bond and mortgage by the latter. Shortly after the closing of the transaction Joseph S. Naame, the president of the purchasing company, met Louis Satanov, the president of the vendor corporation, for the purpose of discussing certain matters connected with the property. During the course of the discussion, according to the testimony offered on the part of the complainant, Naame told Satanov that his company desired to be relieved from the erection of the garage and stated that it would erect in place of an apartment house containing one hundred apartments a larger building containing one hundred and seventy-two apartments, provided the defendant corporation would release the complainant from the erection of the garage and also would release from the operation of the mortgage the portion of the land upon which the garage was to be constructed, and that Satanov consented to this arrangement. It further appeared, from the proofs submitted by the complainant, that after this

promise was made by Satanov, and upon the strength of it, the complainant began the construction of the larger apartment house and thereafter demanded of the defendant company a release of that portion of the tract upon which the garage was to have been erected from the lien of the mortgage, and that the defendant refused to comply with this demand. The proofs submitted on the part of the defendant company negatived the making of any such oral promise by Satanov.

The learned vice-chancellor before whom the case came on to be heard considered that it was unnecessary to determine whether or not the alleged subsequent oral agreement between the presidents of the two companies, and upon which the complainant based its right to the relief sought, was in fact entered into; for the reason that an oral agreement to release a part of mortgaged premises from the lien of a mortgage was unenforcible under the fifth section of our statute of frauds and perjuries (*Comp. Stat. p. 2612*) which declares that no action shall be brought upon any contract or sale of lands, tenements or hereditaments, or any interest in or concerning them, unless the agreement shall be in writing and signed by the parties thereto; and for this reason advised a decree dismissing the bill of complaint.

The question whether the provision of the fifth section of the statute of frauds is a bar to the enforcement of an oral agreement for the release of a portion of mortgaged premises from the lien of a mortgage, when such agreement has been partly executed by the party seeking its enforcement, is an interesting one; and one upon which different tribunals have expressed divergent views.

We do not, however, find its consideration and determination necessary for the disposition of the present appeal. The primary contract—that is the agreement of the vendor to sell and of the vendee to give a purchase-money mortgage on the whole tract—was made by the two corporations and executed by them under their respective corporate seals. That agreement cannot be wiped out or modified except by

corporate action authorizing it, or subsequent corporate approval of, or acquiescence in, such cancellation or modification. Assuming that Satanov, the president of the defendant company, did make the agreement as alleged by the complainant, his act was a mere idle gesture so far as the rights of his corporation were concerned. As was stated in the case of *Mausert* v. *Feigenspan, 68 N. J. Eq. 671, 679,* the president of a corporation has no power *virlule officii* to alter the provisions of a formal agreement under seal entered into by the corporation itself; and any act done by him which is outside the scope of the powers which inhere in his office is not binding upon the corporation unless it is shown that authority was conferred upon him for the purpose by the directors either expressly or by their consent and acquiescence. There is nothing in the case before us which even tends to show that authority to modify the primary contract was conferred upon the president by a vote of the board of directors or that anything was afterwards done by the corporate body in approval of his act. In the absence of such proof the agreement of the president of the Sanatov company cannot be enforced against it.

For this reason we consider that the decree appealed from should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.