UNITED STATES of America, Plaintiff-Appellee,

v.

Ethan STANGLAND, Defendant-Appellant.

No. 12611.

United States Court of Appeals Seventh Circuit.

Oct. 19, 1959.

Shoaff, Keegan & Baird, Clifford E. Simon, Jr., Fort Wayne, Ind., for appellant.

George Cochran Doub, Asst. Atty. Gen., William A. Montgomery, Atty., Civil Division, U. S. Dept. of Justice, Washington, D. C., Kenneth C. Raub, U. S. Atty., Fort Wayne, Ind., Samuel D. Slade, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before DUFFY, PARKINSON and CASTLE, Circuit Judges.

DUFFY, Circuit Judge.

This suit was brought by the United States Government to collect a civil penalty from defendant under the provisions of the Agricultural Adjustment Act of 1938, 52 Stat. 31, as amended, 7 U.S.C.A. § 1281 et seq.

In 1954, defendant planted and harvested sixteen acres of wheat in excess of his acreage allotment. Defendant neither stored this excess produce nor delivered same to the Secretary of Agriculture. Claiming that defendant grew wheat in excess of farm marketing quotas, this suit was commenced in May, 1955. The Government demanded a money judgment for $394.24. A summary judgment for such sum was entered, D.

C., 137 F.Supp. 539. On appeal this Court affirmed. United States v. Stangland, 7 Cir., 242 F.2d 843.

After the mandate from this Court was received by the District Court, the Government caused a writ of execution *(fieri facias)* to be issued on October 25, 1957. This writ was returned unexecuted. On February 25, 1958, an alias writ was issued, and $9.27 was received by reason thereof. The time for the first alias writ having expired, a second alias writ was issued on May 29, 1958, and the marshal seized two tractors on defendant's farm. Defendant's motion to quash the writ and to release the seized property was granted by the District Court. A third alias *(fieri facias)* writ was issued on September 19, 1958, and the marshal levied upon one of defendant's tractors. Defendant again moved to quash the writ and for release of the tractor. The motion to quash the writ and for return of the property was denied.

Defendant's position is that the Agricultural Adjustment Act of 1938 should be construed so as to preclude the Government from enforcing a judgment for a civil penalty by a general writ of execution. He insists that the crop lien created by 7 U.S.C.A. § 1340(4) operates as the exclusive remedy for the collection of civil penalties.

Although we have no doubt the District Court acted correctly in overruling appellant's motion to quash, we do not reach the merits of that issue. The instant appeal is from the order denying appellant's motion to quash a writ of execution, and for release of seized property. This order was not a "final decision" within the meaning of 28 U.S.C.A. § 1291.

In Glinski v. United States, 7 Cir., 93 F.2d 418, 419, we squarely held: "An order denying a motion to quash an execution is not appealable." We also there held: "An order denying motion to quash service of *fieri facias* is not appealable." Our decision in Glinski never has been overruled. It has been cited with approval by the Ninth Circuit in Steccone v. Morse-Starrett Products Co., 191 F.

2d 197. It also was cited by the Sixth Circuit in Sabadash v. Schavo, 6 Cir., 128 F.2d 923.

Inasmuch as this Court is without jurisdiction, the appeal herein must be dismissed.