**UNITED STATES of America for the Use and Benefit of HI-WAY ELECTRIC CO., Plaintiff-Appellee,**

**v.**

**The HOME INDEMNITY COMPANY, and Pathman Construction Co., Defendants-Appellants.**

**No. 76-1242.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 23, 1976.

Decided Feb. 11, 1977.

---

Sol A. Hoffman, Alvin L. Kruse, Chicago, Ill., for defendants-appellants.

Robert F. Fuchs, John Roselli, Edward R. Nathanson, Chicago, Ill., for plaintiff-appellee.

Before SWYGERT and PELL, Circuit Judges, and CAMPBELL, Senior District Judge.[*]

WILLIAM J. CAMPBELL, Senior District Judge.

Defendants-Appellants The Home Indemnity Company (Home) and Pathman Construction Co. (Pathman) seek reversal of an order of the district court denying their motion to stay enforcement of a registered judgment and to quash a garnishment summons.

The facts are not in dispute. Plaintiff-Appellee Hi-Way Electric Co. (Hi-Way) obtained a judgment on July 21, 1975 against Home and Pathman in the United States District Court for the Eastern District of Michigan. The amount of the judgment was $48,653.04 plus interest from March 2, 1970. On September 9, 1975, pursuant to the Illinois Uniform Enforcement of Foreign Judgments Act (Ill.Rev.Stat., ch. 77 § 88 *et seq.*) Hi-Way registered the federal court judgment in the Circuit Court of Cook County, Illinois, and caused a writ of execution and two garnishment summonses to be issued.

At the time of the registration of the federal court judgment in the Circuit Court of Cook County, there was pending in that court a prior but unrelated action by Pathman, one of the federal judgment debtors, against Hi-Way, the federal judgment creditor, for breach of a construction subcontract. In response to Hi-Way's state court petition, Pathman and Home [1] pleaded, as a set-off and counterclaim, the pending action against Hi-Way for breach of contract. Thereafter, upon motion of Pathman and Home, the Illinois court stayed the enforcement of the registered federal judgment, pending an adjudication of the set-off and counterclaim. On November 4, 1975, that court denied Hi-Way's motion to strike the answer, set-off and counterclaim, and ordered that the cases be consolidated.

On November 10, 1975, Hi-Way registered the federal court judgment in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1963. Under Rule 62(f) of the Federal Rules of Civil Procedure, Pathman and Home moved the district court for an order staying the enforcement of the registered judgment and quashing the garnishment summons. On February 17, 1976, the district court entered an order denying that motion. We reverse.

The threshold inquiry, raised by Hi-Way's motion to dismiss the appeal, is whether the district court's order denying the motion for a stay of enforcement of the judgment is an appealable final order under 28 U.S.C.

---

[*] The Honorable William J. Campbell, Senior District Judge of the United States District Court for the Northern District of Illinois, is sitting by designation.

1. Home was not a party to the breach of contract action.

§ 1291. Rulings by trial courts on post-judgment motions to quash a writ of execution, *Loeber v. Schroeder,* 149 U.S. 580, 13 S.Ct. 934, 37 L.Ed. 856 (1893), *Steccone v. Morse-Starrett Co.,* 191 F.2d 197 (9th Cir. 1951), *United States v. Stangland,* 270 F.2d 893 (7th Cir. 1959); to vacate the entry of judgment, *Glinski v. United States,* 93 F.2d 418 (7th Cir. 1937); or to require the clerk to record satisfaction of a judgment, *Hatzenbuhler v. Talbot,* 132 F.2d 192 (7th Cir. 1943), have been held not to be appealable orders on the basis that such orders do not finally dispose of an entire controversy between the parties, and hence are not final orders within the meaning of the Judicial Code.

■ In general, only final questions of the district courts are appealable. 28 U.S.C. § 1291. However, it is clear that this rule of finality is subject to both statutory [2] and judicially created exceptions. In *Cohen v. Beneficial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Supreme Court created an exception to the finality requirement of 28 U.S.C. § 1291, commonly referred to as the collateral order doctrine. In holding appealable a pre-trial order of a district court denying a motion to require that security be posted to cover costs, the Court stated:

"This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. The Court has long given this provision of the statute this practical rather than a technical construction. *Bank of Columbia v. Sweeney,* 1 Pet. 567, 569, 7 L.Ed. 265; *United States v. River Rouge Co.,* 269 U.S. 411, 415, 46 S.Ct. 144, 145, 70 L.Ed. 339; *Cob-*

*bledick v. United States,* 309 U.S. 323, 328, 69 S.Ct. 540, 542, 84 L.Ed. 783.

We hold this order appealable because it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it." 337 U.S. at 546–547, 69 S.Ct. at 1225–1226.

In the instant case, Pathman and Home claimed a right under Rule 62(f) of the Federal Rules of Civil Procedure to stay the enforcement of Hi-Way's registered judgment. The question of whether or not Rule 62(f) is applicable in a registration proceeding appears to be one of first impression in this Circuit, and might never be answered were we to hold that the denial of such a motion is not appealable.

We have considered the collateral order doctrine on a previous occasion and found it inapplicable to provide a jurisdictional basis to review an order granting a writ of attachment. *Rosenfeldt v. Comprehensive Accounting Service Corporation,* 514 F.2d 607 (7th Cir. 1975).[3] However, the order sought to be reviewed in *Rosenfeldt* is clearly distinguishable from the order sought to be reviewed in this appeal. In *Rosenfeldt,* the rights of the party subject to the writ of attachment were preserved and protected while the litigation of the main cause of action presumably proceeded to a final determination, at which time a review of all orders of the district court would have been proper. Under the circumstances of this case, however, if the order denying a claimed right to a stay of enforcement of a registered judgment is not reviewable, the claimed right is lost and will never be subject to review.

The circumstances of the instant case more closely resemble those of *Carter Products, Inc. v. Eversharp, Inc.,* 360 F.2d 868 (7th Cir. 1966), which involved the review of a district court order denying a motion to

---

**2.** E. g. 28 U.S.C. § 1292.

**3.** More recently, in *Anschul v. Sitmar Cruises, Inc.,* 544 F.2d 1364, 1368 (7th Cir. 1976), *cert. denied,* 429 U.S. 907, 97 S.Ct. 272, 50 L.Ed.2d 189, we concluded that the collateral order doctrine does not provide a jurisdictional basis to

review a district court order denying class certification. Since the question presented in *Anschul* differs substantially from the question presented in the instant case, we do not consider the holding in *Anschul* controlling in this case.

compel a Chicago resident to answer questions at a deposition and to produce certain documents pursuant to a subpoena duces tecum. The discovery was sought in connection with the defense of a patent infringement action then pending in the United States District Court for the Southern District of California. The deposition witness was not a party to that action. On appeal, the Court concluded that the order denying the motion to compel a non-party witness to answer questions and to produce documents was a "final decision" because it was " 'final' for all practical purposes." 360 F.2d at 871. Although the *Carter* opinion does not discuss the *Cohen* case, it applied the collateral order doctrine in effect.

█ In support of its motion to dismiss this appeal, Hi-Way urges us to follow this Court's decisions in *Glinski v. United States, supra,* and *Hatzenbuhler v. Talbot, supra.* We note that those cases were decided prior to *Cohen v. Beneficial Loan Corp., supra,* and, hence are not controlling.[4] We hold that an order denying a motion for a stay of enforcement of a registered judgment is a final disposition of a claimed right which is independent of and collateral to the cause of action in which the judgment was entered. As a practical matter, the order is final in that there is nothing left to do in the case. Hence, we have jurisdiction to consider the question of the applicability of Rule 62(f) to a registration proceeding. The motion to dismiss the appeal is accordingly denied.

In its order denying the motion for a stay of enforcement of the registered judgment and to quash the garnishment summons, the district court held that a registration proceeding is merely a "ministerial act, ancillary to the original action, and for the sole purpose of enforcing a valid and subsisting judgment of another United States District Court." Consequently, the district judge concluded, the court of registration stands only in a ministerial capacity and is required by 28 U.S.C. § 1963 to enforce the registered judgment.[5] We do not agree with the district court's interpretation of its limited authority in a registration proceeding.

In relevant part, 28 U.S.C. § 1963 provides:

"A judgment in an action for the recovery of money or property now or hereafter entered in any district court which has become final by appeal or expiration of time for appeal may be registered in any other district by filing therein a certified copy of such judgment. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner."

█ We consider the district court's function with respect to a judgment registered pursuant to § 1963 to be more than a merely ministerial activity for the purposes of enforcing a judgment of another district court. The language of § 1963 indicates that the court of registration is to treat the registered judgment as if it were an original judgment of the registering court. See: *Stanford v. Utley,* 341 F.2d 265, 268 (8th Cir. 1965); *Gullet v. Gullet,* 188 F.2d 719–720 (5th Cir. 1951). While the powers of the district court in a registration proceeding are not precisely defined, the power of the registering court has been held to include, *inter alia,* the authority to vacate or annul the registered judgment where the judgment was registered in violation of § 1963 in order to remedy a fraud practiced upon the registering court. *Ohio Hoist Manufacturing Co. v. LiRocchi,* 490 F.2d 105

---

4. Appellees also contend that our decision in *United States v. Stangland, supra,* requires us to find the order in this case non-appealable. In *Stangland* we held that an order denying a motion to quash a writ of execution is not a "final order" within the meaning of 28 U.S.C. § 1291 on the authority of *Glinski v. United States, supra.* The opinion in *Stangland* did not discuss the applicability of the principles enunciated in *Cohen v. Beneficial Loan Corp., supra* and we do not deem it controlling under the circumstances presented in the instant case.

5. Although the district court's order does not specifically so state, it appears that the court considered Rule 62(f) to be inapplicable in a registration proceeding.

(6th Cir. 1974). It has yet to be determined whether a registering court can entertain a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, or whether the rendering court is the proper forum in which to seek such relief. *United States for use and benefit of Mosher Steel Co. v. Fluor Corp.*, 436 F.2d 383 (2d Cir. 1970) *cert. denied sub. nom. American Export Industries, Inc. v. Fluor Corp.*, 402 U.S. 945, 91 S.Ct. 1623, 29 L.Ed.2d 114; *Hadden v. Rumsey Products, Inc.*, 196 F.2d 92 (2d Cir. 1951); *Coleman v. Patterson*, 57 F.R.D. 146 (S.D.N.Y.1972); see generally, 7 Moore's Federal Practice ¶ 60.28(1). None of the reported decisions involving § 1963 indicate that the court of registration is powerless to grant relief against the registered judgment.[6]

■ We hold that Rule 62(f) is applicable in a registration proceeding under § 1963 to the same extent that it would be applicable to an original judgment rendered in the district court. Rule 62(f) provides:

"In any state in which a judgment is a lien upon the property of the judgment debtor and in which the judgment debtor is entitled to a stay of execution, a judgment debtor is entitled, in the district court held therein, to such stay as would be accorded him had the action been maintained in the courts of that state."

Finding as we do, that the district court is empowered to stay the enforcement of a registered judgment, we feel that a motion seeking a stay of execution of a registered judgment under Rule 62(f) is addressed to the sound discretion of the district court in the same manner as motions seeking a stay of an original proceeding in the district court. Cf. *Aetna State Bank v. Altheimer*, 430 F.2d 750, 755–56 (7th Cir. 1970); *Horman v. Northern Trust Co.*, 114 F.2d 118, 124 (7th Cir. 1940) *cert. den.* 311 U.S. 713, 61 S.Ct. 394, 85 L.Ed. 464.

■ In considering the issue of whether the district court should have granted appellants' motion for a stay order, we cannot ignore the actions taken by Hi-Way in attempting to seek satisfaction of the Michigan federal court judgment. The record indicates that Hi-Way first sought enforcement of its judgment in the Cook County, Illinois courts by way of garnishment proceedings. Hi-Way thus voluntarily submitted itself to the jurisdiction of the Illinois court, and only after being confronted with the imminent possibility of set-off in that court [7] did Hi-Way seek to register the judgment in the Northern District of Illinois. Thus, prior to initiation of the federal registration proceedings, a court of competent jurisdiction had in fact stayed enforcement of the judgment.

In the instant case the district court mechanically enforced the registered judgment in the belief that is capacity was merely ministerial. On the contrary, we hold that the ruling on the motion called for the exercise of discretion, and in light of the fact that Hi-Way had first invoked the jurisdiction of the Circuit Court of Cook County, ultimately resulting in the issuance of a stay order by that court, we find that the

---

6. The district court's holding that its capacity in a § 1963 proceeding is merely ministerial is apparently based on *Juneau Spruce Corp. v. International Longshoremen's and Warehousemen's Union*, 128 F.Supp. 697 (D.Hawaii, 1955). Even that case intimated that the court of registration has some degree of power over the registered judgment:

"It [registration] supplies an equivalent remedy to a suit upon a judgment. It has the same effect as a judgment of the local forum . . . . Therefore, although different from a suit upon a judgment, registration is designed to achieve the same result and the legal principles of a suit upon a judgment are generally applicable to problems that may arise from registration." 128 F.Supp. at 700.

7. Counsel have advised us that the action between Pathman and Hi-Way in the Illinois court resulted in a judgment rendered in favor of Pathman and against Hi-Way in the amount of $92,553.93. On June 3, 1976, the Illinois court entered an order setting off that judgment against the registered Michigan federal court judgment, leaving $28,751.28 unsatisfied on the state court judgment against Hi-Way. It appears to us that, by virtue of these occurrences, Hi-Way has received satisfaction of its federal court judgment. Counsel have further advised us that the case is now before the Appellate Court of Illinois.

district court erred in denying the motion for a stay of execution of the registered federal court judgment.

Accordingly, the order of the district court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.