CITIZENS UNITED BANK, N.A., Banking Corporation of the United States

v.

Philip PEARLSTEIN, Joan Pearlstein, Jonathan DeYoung and Susan DeYoung, Appellants.

No. 83–5307.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit Rule 12(6) January 23, 1984.

Decided April 20, 1984.

Shapiro, Eisenstat & Gabage, P.C., Mark D. Kutner (argued), Vineland, N.J., for appellee.

Jonathan DeYoung, Susan M. Santanasto (argued), Ted Duncan Broom, King of Prussia, Pa., for appellants.

Before GIBBONS and BECKER, Circuit Judges, and ATKINS, District Judge *.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

In this diversity case Philip and Joan Pearlstein and Jonathan and Susan DeYoung (Debtors) appeal from a district court order denying their motion to have a judgment marked satisfied and directing them to appear for discovery with respect to assets from which the judgment might be satisfied. The judgment, held by Citizens United Bank (Bank), was entered by default in the amount of $307,924.78, in a suit by the Bank on a $250,000 promissory note secured by a mortgage on commercial property in Evesham Township, Burlington County, New Jersey. The suit was commenced in May of 1981, and on September 30, 1982 the mortgaged premises were privately sold for $254,945.55. The Bank received the entire proceeds of sale, and now seeks to recover the difference between that sum and the amount of the default judgment. In support of their motion to mark the judgment satisfied, the Debtors filed a verified petition alleging that after the suit on the note was filed, the Bank and the Debtors made an agreement that the Bank could enter judgment without contest, that the mortgaged property would be sold, and that the Bank would accept the proceeds of sale in full satisfaction of the note. The Bank denies that there was such an agreement, but concedes that on the present record its existence is a disputed factual issue. The district court did not resolve that issue. It held that, assuming there was such an agreement, it was unenforceable as a matter of law because of the provisions of the New Jersey statute of frauds. We reverse.

### I. Appealability

■ The Bank contends that the order appealed from is not final, and urges that we dismiss the Debtors' appeal. In this respect the Bank relies on several cases in the Seventh Circuit suggesting that an order refusing to mark a judgment satisfied is not final within the meaning of 28 U.S.C. § 1291.[1] That court of appeals for that circuit has since held that an order denying a stay of enforcement of a judgment is a final disposition of a claimed right independent of and collateral to the underlying claim. *United States v. Home Indemnity Company,* 549 F.2d 10, 12–13 (7th Cir. 1977). Other courts of appeals are in accord with this view. *Redding & Company v. Russwine Construction Corporation,* 417 F.2d 721, 726 (D.C.Cir.1969); *Barnett v. Conklin,* 268 F. 177, 180 (8th Cir.1920), *cert. denied,* 255 U.S. 570, 41 S.Ct. 375, 65 L.Ed. 791 (1921). We agree. The denial of a motion to mark a judgment satisfied permits steps in aid of execution, and in New Jersey, permits a judgment to remain as a lien on real estate. N.J.Stat.Ann. § 2A:16–1 (West Supp.1983–84). Thus we agree with the Debtors that the denial of their motion was a final disposition of a claimed right, independent of the Bank's claim on the promissory note, and reviewable as a final judgment.

### II. The Merits

The Bank's theory, adopted by the district court, is that the alleged agreement falls within N.J.Stat.Ann. § 25:1–2 (West 1940), which provides that no estate or interest in real estate "shall be assigned, granted or surrendered, unless it be by deed or note in writing." The Bank relies on the settled New Jersey rule that an agreement to release land from the obligation of a mortgage falls within that provision. *E.g., Joseph S. Naame Co. v. Louis Satanov Real Estate and Mortgage Corp.,* 103 N.J.Eq. 386, 390, 143 A. 531, 533 (Ch.

* Hon. C. Clyde Atkins, United States District Judge for the Southern District of Florida, sitting by designation.

1. *See United States v. Stangland,* 270 F.2d 893 (7th Cir.1959); *Hatzenbuhler v. Talbot,* 132 F.2d 192 (7th Cir.1942); *Glinski v. United States,* 93 F.2d 418 (7th Cir.1937). Cf. *Sabadash v. Schavo,* 128 F.2d 923 (6th Cir.1942) (order denying stay of execution on judgment allegedly discharged in bankruptcy is not final).

1928), *aff'd on other grounds,* 109 N.J.Eq. 165, 147 A. 436 (E & A 1929).

■ The legal issue presented by the Debtors' motion is a matter of characterization. If one were to characterize the alleged agreement as one to discharge real estate from the lien of a mortgage, under *Joseph S. Naame Co. v. Louis Satanov Real Estate and Mortgage Corp., supra,* a writing would be required. On the other hand, no New Jersey statute imposes a requirement that an agreement to satisfy a judgment must be in writing, even though judgments are liens on real estate. The Bank does not contend, therefore, that the Debtors' other real estate, which was never subject to the mortgage, puts the agreement within N.J.Stat.Ann. § 25:1–2. Nor is a writing required for division of profits derived from the sale of property. *Ruta v. Werner,* 1 N.J.Super. 455, 460, 63 A.2d 825, 827 (Ch.Div.1948). Moreover, New Jersey, in common with most states, follows the rule that an agreement to discharge a debt, if supported by consideration, requires no writing. *Emerson New York-New Jersey, Inc. v. Brookwood Television, Inc.,* 122 N.J.Super. 288, 293, 300 A.2d 187, 189 (Law Div.1973). This is simply another way of saying that an agreement to accept substitute performance in satisfaction of a debt is not within the statute of frauds. That rule is applicable even when the debt is secured by a mortgage.

> A promise by the mortgagee to accept a substituted performance in satisfaction of the debt is binding if the mortgagor promises or renders the substituted performance. The rendition of the performance operates as a discharge by accord and satisfaction; and the fact that the lien of the mortgage is discharged by operation of law is in no way affected by the statute of frauds. Payment of the debt in money has the same result; and in both cases alike the statute has no application.

2 Corbin, Contracts § 403 (1950). We have no doubt that the New Jersey courts would apply this generally recognized rule with respect to substitute performance.

■ Because the mortgaged real estate was commercial rather than residential, the Bank was free, under N.J.Stat.Ann. § 2A:50–2.3(b) (West Supp.1983–84), to bring an in personam action on its promissory note rather than proceed with an in rem foreclosure of the mortgage and seek a deficiency judgment. The Debtors contend that in response to the in personam demand against them they offered a substitute performance, which the Bank agreed to, and which they carried out; namely refraining from contesting liability and arranging for the sale of the property for the Bank's benefit. The Bank urges that such an agreement falls within the statute of frauds because to accomplish the sale a release from the mortgage was required. The agreement which the Debtors allege does not, however, include in its terms any undertaking by the Bank to deliver such a release. Under its alleged terms the Bank maintained its mortgage lien and would release it only if satisfied with the price. If that agreement existed and was performed, the Bank's suit for the deficiency is barred; if not, the bank is entitled to pursue its remedies against the Debtors for the balance of the judgment. We conclude, therefore, that the agreement on which the Debtors rely is for a substitute performance on the note and is not one for which a writing is required by N.J.Stat.Ann. § 25:1–2.

■ Since the existence of the alleged agreement is a disputed issue of material fact, further proceedings are required. The order denying the Debtors' motion to mark the judgment satisfied will be reversed and the case remanded for further proceedings consistent with this opinion.