**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Joseph C. MINNEMAN, Defendant–
Appellant.**

Nos. 00–2264, 00–3699, 00–4224.

United States Court of Appeals,
Seventh Circuit.

Submitted April 23, 2001.*

Decided April 24, 2001.

Before Hon. FRANK H. EASTERBROOK, Hon. DANIEL A. MANION, and Hon. DIANE P. WOOD, Circuit Judges.

### ORDER

Before us are three appeals arising from Joseph Minneman's 1997 conviction for conspiracy to defraud the United States by impeding the collection of income tax by

---

* After examining the briefs and record in appeals no. 00–3699 and no. 00–4224, we have concluded that oral argument is unnecessary. Thus, those appeals are submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2). Appeal no. 00–2264 is submitted on the jurisdictional memoranda and the record.

the Internal Revenue Service, 18 U.S.C. § 371. In appeals No. 00–2264 and No. 00–4224 we vacate the orders of the district court and remand with instructions to dismiss for lack of jurisdiction. We dismiss appeal No. 00–3699 for lack of appellate jurisdiction.

In the late 1980's and early 1990's, Minneman, a former attorney, helped his client and codefendant, Clarence Punke, conceal nearly $700,000 in business income from the IRS. Under the scheme Punke deposited most of his income into lawyer's trust accounts controlled by Minneman. Minneman later withdrew cash from the accounts and either gave it to Punke or used it to purchase property for Punke. Minneman then sent Punke to a tax preparer for returns that underreported his income.

After a jury trial the district court sentenced Minneman to 30 months' imprisonment and 3 years of supervised release, and also ordered him to pay $25,000 in restitution to the IRS. Minneman appealed and we affirmed. *United States v. Minneman*, 143 F.3d 274 (7th Cir.1998). Minneman's subsequent motion to vacate his sentence under 28 U.S.C. § 2255 was denied by the district court in August 1998, and we declined to issue a certificate of appealability.

In January 2000 Minneman filed a motion requesting that the district court either grant a new trial under Federal Rule of Criminal Procedure 33 or issue a writ of error coram nobis. In his motion Minneman lodged numerous attacks on his indictment, trial, and sentencing. Minneman purported to base his motion on "newly discovered evidence"—that the government failed to produce at trial any tax return filed by Punke that Minneman himself helped prepare—but even read liberally that "evidence" relates at most to one of Minneman's attacks.

In March 2000 the district court denied Minneman's motion. The court held that any failure by the government to produce tax returns was not "newly discovered evidence" because Minneman obviously knew through discovery what evidence the government did or did not have. The court further noted that Minneman's claim appeared to be just another variation of his losing argument on direct appeal and in his § 2255 motion that there was insufficient evidence to convict him because the government never proved that he was directly involved in preparing Punke's tax returns. Minneman filed a notice of appeal, which we docketed as case No. 00–2664.

In October 2000, with one appeal already pending, Minneman filed a motion in the district court asserting that he never received a ruling on the petition for a writ of error coram nobis included with his Rule 33 motion. Minneman once again raised arguments attacking the indictment and disputing the sufficiency of the evidence. The district court denied relief noting that Minneman was merely repeating previously rejected arguments. Minneman then filed another notice of appeal, which we docketed as case No. 00–4224.

█ With respect to these two appeals, we need not consider Minneman's arguments because the motions underlying both cases constitute nothing more than attempts to circumvent the limitation on successive collateral attacks set forth in § 2255 ¶ 8. Though a second challenge to a conviction if genuinely brought under a provision other than § 2255 does not qualify as a successive collateral attack, a post-judgment filing that is really a disguised § 2255 motion is considered a successive collateral attack regardless of the caption placed on the filing by the petitioner. *See*

*United States v. Evans,* 224 F.3d 670, 672 (7th Cir.2000). Minneman's contentions in both motions fit within the scope of § 2255 ¶ 1, and therefore his filings are successive collateral attacks that the district court should have dismissed for lack of jurisdiction. *See id.* at 674; *Nunez,* 96 F.3d at 991.

Also before us in appeal No. 00–3699 is Minneman's attempt to forestall the government's efforts to collect on the restitution order. In March 2000 the government filed a motion to discover Minneman's assets. In June 2000 the government applied for a writ of garnishment under the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. § 3205, to reach two life insurance policies Minneman had with Prudential Insurance Company. The district court issued the writ to Prudential, ordering the company to disclose any property owned by Minneman and to hold such property pending further court order. *See* 28 U.S.C. § 3205(c)(1)(2). Prudential answered that Minneman had two life insurance policies valued at $4,949.28 and $2,708.78. Minneman then timely objected to the garnishment and requested a hearing. *See* 28 U.S.C. § 3205(c)(5). At the hearing the district court asked the parties to submit supplemental briefs on the objection. In his brief Minneman asserted that the restitution order was void because the district court lacked jurisdiction to enter it, that garnishment proceedings were foreclosed because Minneman had a payment agreement with the Bureau of Prisons that he had not violated, that life insurance policies are exempt from garnishment proceedings, and that Minneman did not have a property right in the policies because he had not made an application for benefits under the policy. In September 2000 the court denied Minneman's objection to the garnishment,

and Minneman appealed from the district court's decision.

■ We do not have appellate jurisdiction in this third appeal because the district court's order denying Minneman's objection is not final for purposes of appeal. We have jurisdiction over appeals only from final decisions of the district court, i.e., orders that end the litigation on the merits and leave nothing further for the district court to do but execute the judgment. *See* 28 U.S.C. § 1291; *Trustees of The Pension, Welfare, and Vacation Fringe Benefit Funds of IBEW Local 701 v. Pyramid Elec.,* 223 F.3d 459, 463 (7th Cir.2000). Minneman acknowledges in his docketing statement that the order he appeals from is not final and we agree. Under the FDCPA, after a district court rules on the debtor's objections, the court must enter an order directing the garnishee as to the disposition of the debtor's property. *See* 28 U.S.C. § 3205(c)(7). The disposition order concludes the garnishment proceedings and therefore that order, and not the order denying the debtor's objections, is the final order from which a debtor should appeal. *See In re Joint E. & S. Dist. Asbestos Litig.,* 22 F.3d 755, 760 (7th Cir.1994) (denial of a motion to quash a contempt citation proceeding "simply lets the proceeding continue and therefore is not final or appealable"); *Central States, Southeast and Southwest Areas Pension Fund v. Express Freight Lines, Inc.,* 971 F.2d 5, 6 (7th Cir.1992) (order granting post-judgment discovery to aid in execution of money judgment was not final appealable order because "[t]he judgment that concludes the collection proceeding is the judgment from which the defendant can appeal"); *United States v. Stangland,* 270 F.2d 893, 894 (7th Cir.1959) (denial of motion to quash writ of execution filed by government to collect on civil penalty was not final appealable order). No disposition

order has been entered in this case, and therefore we do not have jurisdiction to hear this appeal.

For the foregoing reasons, we VACATE the district court's orders in No. 00–2264 and No. 00–4224 and REMAND for the district court to dismiss the underlying motions for lack of jurisdiction. Furthermore, we DISMISS appeal No. 00–3669 for lack of jurisdiction. All pending motions filed in this court are DENIED as unnecessary.