**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joseph C. MINNEMAN, Defendant–Appellant.**

No. 01–3233.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 28, 2002.

Decided March 26, 2002.

Rehearing and Rehearing En Banc Denied May 30, 2002.

Before RIPPLE, MANION, and EVANS, Circuit Judges.

## ORDER

Joseph Minneman, an attorney who conspired with a businessman (Clarence Punke) to hide money from the Internal Revenue Service, appeals the district court's final order in a post-judgment garnishment proceeding seeking to enforce a restitution order in his criminal case. Minneman was convicted of conspiracy to commit income tax fraud and sentenced to 30 months imprisonment. He was also ordered to pay $25,000 in restitution to the IRS. Minneman and Punke appealed, and we affirmed their convictions and the restitution order, at least as to Punke, for

Minneman didn't challenge it. *United States v. Minneman,* 143 F.3d 274 (7th Cir.1998). Minneman then filed a habeas corpus petition under 28 U.S.C. § 2255, which the district court denied. We denied his request for a certificate of appealability in an unpublished order. *United States v. Minneman,* 6 Fed.Appx. 422 (7th Cir.2001).

To collect on its restitution order, the government, pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205, initiated garnishment proceedings against Minneman. Minneman's objections to the garnishment were denied by the district court, as was his motion to reconsider. Minneman again appealed, but we dismissed for lack of appellate jurisdiction.

Finally, the government moved for a turnover order, which the district court entered. The order directed the garnishee to turn over the cash value of two Minneman insurance policies and apply the proceeds to the restitution judgment. Minneman's appeal of that order is before us today.

We decline to regurgitate the facts in this order. Anyone interested in them can consult our 1998 published opinion. We only focus on the narrow issue raised in the present appeal.

When the government elected to use garnishment proceedings, Minneman had made barely a dent in paying down the restitution order. In fact, his balance due on the original $25,000 bill was $24,800. The two Minneman insurance policies (both with Prudential Life) that the government eyed carried cash surrender values of around $5,000 and $2,700. In trying to block the turnover order, Minneman argued that restitution is not part of a sentence, that the district court had no jurisdiction (or authority) to order restitu-

tion for a Title 26 tax conviction, and that there was no evidence in the trial record of damages as a result of the offense. He further claimed that the garnishment could not be maintained because of an alleged payment agreement (with the Bureau of Prisons) which had not been breached. Minneman also claimed that the garnishee did not owe him anything because he had not applied for any benefits under the policies.

The district court denied Minneman's objections. In particular, the court found that the argument that the restitution order was void had been raised and rejected by us on direct appeal. The court also found that a payment agreement with the BOP did not bar further collections and that although Minneman may not have made application for benefits under the policies, he did not dispute that he has the right to cash surrender values.

■ The short answer to almost all of Minneman's objections on this present appeal is that his challenge to the validity of the underlying restitution order is precluded by res judicata. His criminal restitution order is a final judgment, affirmed on appeal over Punke's objection, while Minneman stood mute on the point. All of Minneman's objections to the restitution order either could have been (or were) considered by us in affirming his judgment; therefore, those concerns cannot be relitigated in this garnishment proceeding to enforce the restitution order.

■ Minneman's argument that the payment agreement with the BOP bars garnishment fails because it simply does not bar proceedings under the Federal Debt Collection Procedures Act. There are at least two reasons for this: agreements of this sort with the BOP may be unilaterally changed, and any BOP payment agreement would not be effective after Minneman's release from prison. And

Minneman, we think (he appeared in court to argue this case), is no longer behind bars.

Minneman's argument that the cash surrender values of his insurance policies are exempt is waived because he failed to develop it in his appeal. And that's not too surprising because the argument is without merit, as the only exemptions applicable to a criminal restitution debt are certain tax levy exemptions. 18 U.S.C. § 3613(a)(2) and (f). And those tax levy exemptions do not exclude life insurance policies from enforced collections. 26 U.S.C. § 6334(a).

■ Minneman's final argument is that he does not have a property right under state law to the cash value of the life insurance policies; therefore, they are not subject to garnishment. Even if Minneman has not applied to receive the cash value of the life insurance policies, he has a right to them, and thus they are subject to the restitution order and enforceable in garnishment. *United States v. Bess*, 357 U.S. 51, 56–57, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958); 18 U.S.C. § 3613(c); 26 U.S.C. § 6332(b).

For these reasons, we affirm the judgment of the district court.