NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

MONSANTO COMPANY AND MONSANTO
TECHNOLOGY LLC,
*Plaintiffs-Appellees,*

v.

**LOREN DAVID,**
*Defendant-Appellant.*

2012-1128

Appeal from the United States District Court for the Eastern District of Missouri in case no. 04-CV-0425, Judge Henry E. Autrey.

## ON MOTION

Before RADER, *Chief Judge.*

### O R D E R

Monsanto Company and Monsanto Technology LLC ("Monsanto") move to dismiss this appeal for lack of jurisdiction. Loren David responds. Monsanto replies.

Monsanto has obtained a money judgment against David in the amount of $626,632.88. The merits of the case have been finally decided, and all that remains is the

process of collecting the judgment. During the course of the collection proceeding, which is ongoing, Monsanto obtained net proceeds of $51,698.05 by executing on Mr. David's bank accounts. Monsanto also received and cashed a check dated February 18, 2011 from David for $35,000, with the notation "satisfaction of judgment in full" on the front of the check.

Subsequently, Monsanto filed a motion seeking an order from the district court that the $35,000 payment, together with the $51,698.05 obtained previously, was partial satisfaction of the judgment. The district court granted this motion, entering a docket entry that states there had been "partial satifaction [sic] in the amount of $86,698.05." It is this order that David seeks to appeal.

Ordinarily, an order that resolves whether a judgment has been satisfied is a final, appealable decision. *See generally* 15B Charles Alan Wright & Arthur R. Miller, Federal Practice and Civil Procedure § 3916, at 352-353 (2d ed. 1992) ("[R]ecent decisions generally allow appeal to resolve such questions as whether the judgment has been satisfied[.]"); *Citizens United Bank, N.A. v. Pearlstein*, 733 F.2d 28, 29 (3rd. Cir. 1984) (jurisdiction over order denying motion to have judgment marked satisfied). Monsanto, however, contends "that collection efforts continue, and given Mr. David's creative methods of attempting to evade the judgment it is likely that there will be further disputes before the District Court."

The fact that additional collection proceedings remain does not preclude applying that general rule here. The existence of such ministerial actions by the lower court does not render a final decision non-appealable. *See Tweedle v. State Farm Fire & Cas. Co.*, 527 F.3d 664, 670 (8th Cir. 2008); *Goodwin v. United States*, 67 F.3d 149, 151 (2d Cir. 1995); *Woosley v. Avco Corp.*, 994 F.2d 313, 317 (6th Cir. 1991).

Nor do the policy reasons behind the "final judgment rule" alter that conclusion. The final judgment rule is designed to prevent against the use of piecemeal adjudication to "impede the flow of litigation, making it difficult and expensive to reach a final resolution of the issue." *Tweedle*, 527 F.3d at 670. Here, however, an immediate appeal would advance resolution of the litigation. If David were to prevail the matter would essentially be over; alternatively, if the district court's order were to be affirmed all that will remain is the ministerial task of collecting the judgment.

Accordingly,

IT IS ORDERED THAT:

The motion to dismiss is denied.

For The Court

MAY 0 2 2012
_____
Date

cc:  Mark G. Arnold, Esq.
     Paul A. Sortland, Esq.

s25

/s/ Jan Horbaly
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY 0 2 2012

JAN HORBALY
CLERK