**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-4630

_____

MARY E. GLOVER,
individually and on behalf of other similarly situated former and current homeowners in
Pennsylvania,

Appellant

v.

FEDERAL DEPOSIT INSURANCE CORPORATION,
as receiver for Washington Mutual Bank, F.A.; MARK J. UDREN; UDREN LAW
OFFICES, P.C.; WELLS FARGO HOME MORTGAGE; GOLDMAN SACHS
MORTGAGE COMPANY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-08-cv-00990)
District Judge: Honorable Donetta W. Ambrose

_____

Submitted under Third Circuit LAR 34.1(a)
October 28, 2013

Before: FISHER, JORDAN and ALDISERT, Circuit Judges.

(Opinion Filed: October 29, 2013)

_____

OPINION OF THE COURT

_____

ALDISERT, Circuit Judge.

Mary Glover appeals from an Order of the United States District Court for the

Western District of Pennsylvania denying her motion to enforce a Stipulation in connection with a certification Order under Rule 54(b) of the Federal Rules of Civil Procedure. She contends that the District Court erred in appointing a Magistrate Judge and Special Master to oversee discovery from dismissed defendants because the dismissal was certified as final and appealable under Rule 54(b). We will dismiss this appeal for want of jurisdiction.

I.

Because we write primarily for the parties, who are familiar with the facts and the proceedings in this case, we will revisit them only briefly. Glover filed a complaint in District Court on behalf of herself and a putative class of homeowners against multiple defendants, seeking damages resulting from defendants' handling of mortgage loans. Glover later agreed to dismiss with prejudice her federal claims against Mark Udren and Udren Law Offices ("Udren") and entered into a Stipulation wherein Udren agreed to "comply with Fed.R.Civ.P. 26(a)(1) and make their initial discovery disclosures within 10 days of the Court's approval of this Stipulation." App. 104a-105a. The District Court certified the dismissal as a final decision under Rule 54(b), allowing for immediate appeal from the decision notwithstanding Glover's unresolved claims against the remaining defendants.

Pursuant to the Stipulation, Udren submitted documents purporting to comply with its discovery obligations. In response, Glover filed a flood of discovery motions to enforce a more expansive reading of the documents required under the Stipulation. The District Court referred the discovery dispute to a Magistrate Judge who appointed a

2

Special Master to oversee all discovery, including the documents Glover sought under the Stipulation. Glover objected and filed a petition for writ of mandamus in our Court to review the appointment of the Special Master. We denied the petition.

At a status conference before the Magistrate Judge, Glover stated that she would not appear before the Special Master and represented that she would not file any more discovery motions. The Magistrate Judge then closed discovery. Nevertheless, Glover filed another motion to enforce the Stipulation with Udren, seeking documents related to class certification in the ongoing litigation. The Magistrate Judge issued an Order on November 19, 2012 denying the motion to enforce, emphasizing that discovery had closed. The District Court issued an Order on December 19, 2012 sustaining the Magistrate Judge's Order over Glover's objections. Glover appeals.[1]

## II.

We have jurisdiction over "final decisions of the district courts," 28 U.S.C. § 1291, and must decide whether the District Court's Order denying the Motion to Enforce the Rule 54(b) Stipulation is a final, appealable decision. We hold that it is not.

## III.

## A.

We are unpersuaded by Glover's argument that the District Court Order was a final decision ripe for immediate appeal. A district court decision is "final" under § 1291

---

[1] The District Court had diversity jurisdiction over Glover's claims and the defendants properly removed to federal court. 28 U.S.C. §§ 1332, 1441. The District Court also had federal jurisdiction under 28 U.S.C. § 1331 because Glover later added a federal claim.

3

if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). "Discovery rulings are interlocutory in nature, and are generally not appealable before final judgment on the merits." Lusardi v. Xerox Corp., 747 F.2d 174, 178 (3d Cir. 1984).

Glover insists that the Order denying enforcement of the Stipulation was a final decision leaving nothing for the District Court to do as to Udren. Br. of Appellant 26. "[I]n view of our circuit's disinclination to expand the class of appealable final orders," Bachowski v. Usery, 545 F.2d 363, 373 (3d Cir. 1976), we reject Glover's argument. Instead, we conclude that the Order was interlocutory because Glover's motion ultimately concerned the ongoing litigation with the remaining defendants.

As the District Court noted, "[a]lthough [the Udren] defendants are on a different track than defendants Wells Fargo and Goldman Sachs, plaintiff has sought discovery from the Udren defendants relative to its motion for class certification [in the ongoing litigation]." App. 203a. Glover's own motions concede this. See, e.g., Substituted Emergency Mot. to Compel at 4, Glover v. Wells Fargo Home Mortg., No. 2-08-cv-00990 (Dkt. No. 288) ("[T]he immediate need for putative class information . . . drives the need for this emergency motion [for Udren discovery]."). Accordingly, because Glover's motion was inextricably linked to discovery in the ongoing case, the District Court's Order was interlocutory and not a final decision.[2]

---

2 Glover's reference to cases concerning the collateral order doctrine is also unconvincing. In Citizens United Bank, N.A. v. Pearlstein, 733 F.2d 28, 29 (3d Cir. 1984), we held that a denial of a motion to mark a money judgment as satisfied was appealable because it was "a final disposition of a claimed right independent of and

4

B.

We also reject Glover's argument that the District Court Order falls within the scope of the Rule 54(b) certification dismissing Udren. Br. of Appellant 25. In support of such certification, district courts must determine that an order is final and there is no just reason to delay appeal. Elliott v. Archdiocese of N.Y., 682 F.3d 213, 220 (3d Cir. 2012). Appellate jurisdiction over an appeal from a decision certified by the district court under Rule 54(b) does not include orders outside the scope of certification. Edwards v. Prime, Inc., 602 F.3d 1276, 1288 (11th Cir. 2010) (holding that only four of eleven dismissals were appealable because only those four were certified under Rule 54(b)).

In its certification Order, the District Court stressed that Udren's "claims are on a completely different track than the Wells Fargo claims under Fed.R.Civ.P. 26." App. 8a. Contrary to Glover's contention, the District Court's certification did not contemplate broad discovery under Rule 26(a) from Udren related to the remaining defendants. The District Court certified the dismissal in part because Udren discovery under Rule 26 was to be separate. Accordingly, the District Court's Order denying enforcement of Glover's broad reading of the Stipulation is "outside the scope of certification" and is not a final decision. See United Indus., Inc. v. Eimco Process Equip. Co., 61 F.3d 445, 448 (5th Cir. 1995) (holding that a discovery order not referenced in a Rule 54(b) certification was

collateral to the underlying claim." Unlike Pearlstein, Glover's claimed right to the Udren documents is directly related to ongoing litigation and is not "independent of and collateral to" the underlying claim against the remaining defendants. In Border Co. v. Sylk, we observed an irresistible impulse of appellants to invoke exotic uses of the collateral order rule. 410 F.2d 843, 845-846 (3d Cir. 1969). We identify Glover's appeal as such an invocation and note that "[o]ur overburdened courts have little time or appetite for such protractions." Id. at 846.

"outside the scope of certification" and, therefore, not appealable).

Accordingly, the District Court's Order is not a final, appealable decision and is beyond the scope of the Rule 54(b) certification. We have considered all arguments advanced by the parties and conclude that no further discussion is necessary. The appeal will be dismissed for want of jurisdiction.